IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DOUG ALLSUP, #93941, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18−cv−1165−JPG |
| | ) | |
| JOHN LAKIN, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Doug Allsup, a detainee in Madison County Jail (the "Jail"), brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. In his Complaint, Plaintiff claims he has been denied access to court hearings, he has received threats from guards, and his bond is unreasonable. (Doc. 1). This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-

1

27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds that the Complaint fails to state a claim upon which relief may be granted and must be dismissed.

### **The Complaint**

In his Complaint (Doc. 1), Plaintiff makes the following allegations: on February 24, 2018, Plaintiff was pulled over for driving under the influence. (Doc. 1, p. 5). "Other than a first appearance in video court for a bond hearing, Plaintiff has not been taken to court for any kind of hearing." *Id.* He has been away from family and friends and is suffering severe financial loss. *Id.* He has been denied access to the court on docket calls. *Id.* Plaintiff's family contacted the circuit clerk's office, and the response they received is that the Jail said Plaintiff refused to go. *Id.* This is false. *Id.* "Sheriff John Lakin . . . has violated Plaintiff's rights" to due process, equal protection, and to be free from cruel and unusual punishment under the Fourteenth Amendment and Eighth Amendment. *Id.* "Bond is unreasonable [at] $150,000." *Id.*

Plaintiff requests that "an official grievance procedure be installed" so grievances and complaints cannot be thrown away or altered. (Doc. 1, p. 6). Plaintiff also wants monetary relief and for the "federal government to investigate the criminal procedure and abuse of power." *Id.* Plaintiff also attached to the Complaint a grievance addressed to "Captain." (Doc. 1, p. 7). In it, he complains that on March 3, 2018, a corrections officer told Plaintiff that if he caught him in

the hallway, he would kill him. The corrections officer also "called [Plaintiff] a retard." *Id.*

## Discussion

Pursuant to Federal Rule of Civil Procedure 8, plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Moreover, failure to include specific allegations tying individual defendants to the alleged unconstitutional conduct, does not raise a genuine issue of material fact with respect to those defendants. *See Alejo v. Heller*, 328 F.3d 930, 936 (7th Cir. 2003) (finding dismissal of named defendant proper where plaintiff failed to allege defendant's personal involvement in the alleged wrongdoings); *Starzenski v. City of Elkhart*, 87 F.3d 872, 879 (7th Cir. 1996).

The Complaint fails to state a claim upon which relief may be granted because Defendant Lakin, the only defendant, has not been sufficiently associated with any of the allegedly unconstitutional actions. Plaintiff's statement that Lakin violated his Fourteenth and Eighth Amendment rights is vague and conclusory and therefore cannot, without more, support a constitutional claim against him. Plaintiff also alludes to his rights being violated by other individuals, including a guard who threatened violence against him, but the guard is not named as a defendant in this case and will therefore not be considered as such. *See Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (defendants must be "specif[ied] in the caption").

For these reasons, the Complaint does not survive preliminary review and shall be dismissed without prejudice. Plaintiff will be granted leave to file an amended complaint,

however, according to the instructions and deadlines set forth in the disposition.

**Pending Motions**

Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is **DENIED** without prejudice. There is no constitutional or statutory right to appointment of counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). Federal District Courts have discretion under 28 U.S.C. § 1915(e)(1) to request counsel to assist *pro se* litigants. *Id.* When presented with a request to appoint counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself [.]" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

With regard to the first step of the inquiry, Plaintiff claims that he attempted to call law offices, but none would take calls from the Jail. (Doc. 3, p. 1). Plaintiff also claims his family contacted local attorneys, but they declined to represent him. *Id.* Plaintiff has not provided the names of the law offices he and his family allegedly contacted, nor has he attached copies of documents that would support his assertion that he has made a reasonable effort to retain counsel. Plaintiff has therefore not shown that he made a reasonable attempt to find counsel.

Concerning the second step of the inquiry, "the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand." *Id.* at 655. In this case, the Court cannot say what claims will actually be at issue, as Plaintiff's Complaint is in violation of Rule 8 and it is unclear what claims he is actually seeking to bring. He is being given leave to file an amended complaint herein so he may bring focus to his intended claims. Further, from a legal standpoint, the litigation of any constitutional claim falls in the complex range. Even so, Plaintiff's complaint is

legible and comprehensible, and he notes that he has previously graduated high school and therefore is not uneducated. Based on this information, this Court concludes that Plaintiff appears to be competent to litigate his case at this time. Future developments in this case may alter the Court's decision, but at this early stage in the litigation, Plaintiff's motion for appointment of counsel is **DENIED** without prejudice. Plaintiff may choose to file a motion for counsel at a later stage in the litigation.

## Disposition

Plaintiff's Complaint (Doc. 1) is hereby **DISMISSED** without prejudice for failure to comply with Federal Rule of Civil Procedure 8.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file a First Amended Complaint, stating any facts which may exist to support his chosen claims, within 28 days of the entry of this order (on or before **July 18, 2018**). Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. APP. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g) because he has yet to state a claim upon which relief may be granted.

Should Plaintiff decide to file a First Amended Complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "First Amended Complaint," and he should use the case number for *this* action (*i.e.* 18-cv-1165-JPG). The pleading shall present each claim in a separate count, and each count shall specify, *by*

*name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits. Plaintiff should *include only related claims* in his new complaint. Claims found to be unrelated to one another will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the Amended Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A. No service shall be ordered on any defendant until after the Court completes its § 1915A review of the First Amended Complaint.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action

for want of prosecution. *See* FED. R. CIV. P. 41(b).

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS SO ORDERED.**

**DATED: June 19, 2018**

s/J. Phil Gilbert
United States District Judge